UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN JUDE,

                              Plaintiff,

              -against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS, et al.,

                              Defendants.

24-CV-8916 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

        Plaintiff, who currently is incarcerated at Five Points Correctional Facility, brings this

action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights

at Sullivan Correctional Facility. By order dated December 9, 2024, the court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

        As set forth in this order, the Court (1) dismisses the New York State Department of

Corrections and Community Supervision ("DOCCS") under the Eleventh Amendment; (2) directs

service on Defendants DOCCS Commissioner Daniel F. Martuscello; Deputy Commissioner

Joseph Noeth; Assistant Commissioner Dawn M Diacaranio; Director of Special Housing Unit

("SHU") Anthony Rodriguez; Assistant Director of SHU Joshua Shope; Associate Commissioner

James Donahue; Antoinette Allen; New York State Office of Mental Health ("OMH")

Commissioner Anne Marie Sullivan; OMH Unit Chief Gregory Savage; Superintendent Stacie R.

Bennett; Deputy Superintendent of Mental Health Elizabeth Garber; Deputy Superintendent of

Administration Josh Krom; Deputy Superintendent of Programs Dominica Piazza; Hearing Officer

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Lisa Marie Bondarenka; Sergeant Lisa Wilson; Sergeant Brett Reed; and Correction Officers Kimberly Bermudez, Justin Murphy, Thomas Coles, Christa Joachin, Cody Olsen, Timothy Fitzpatrick, Christopher Kinne, and Tresean Goodwin; (3) directs the New York State Attorney General to identify the DOCCS Disability Rights Coordinator; badge numbers and service addresses for Officers George Jones and Earl Jones; and a service address for former Deputy Superintendent of Security William Sherman; and (4) directs the Attorney General to notify the Court whether it can accept service on behalf of Officer Dane Rodriguez and Registered Nurse Megan Gerow. Local Civil Rule 33.2 applies to this case.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Claims Against DOCCS

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state

agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against DOCCS, which is an arm of the state, are therefore barred by the Eleventh Amendment and are dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Martuscello, Noeth, Diacaranio, Anthony Rodriguez, Shope, Donahue, Allen, Sullivan, Savage, Bennett, Garber, Krom, Piazza, Bondarenka, Wilson, Reed, Bermudez, Murphy, Coles, Joachin, Olsen, Fitzpatrick, Kinne, and Goodwin through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C.    DOCCS Disability Rights Coordinator

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the Disability Rights Coordinator who Plaintiff names as a defendant. (*See* Doc. 1 ¶ 16). It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, must ascertain the identity of this Doe defendant whom Plaintiff seeks to sue here and the address where the defendant may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, the Court will direct the Clerk of Court to add this newly named defendant to the caption of the complaint and issue an order directing the Clerk of Court to complete the USM-285 form with the address for this defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

## D.    Service Addresses for current and former Sullivan County Correctional Facility Defendants

The Court directs the Attorney General, within 30 days of the date of this order, to provide to the Court badge numbers and service addresses for Officers George Jones and Earl Jones. The Court also directs the Attorney General to provide to the Court a service address for former Deputy Superintendent of Security William Sherman. With 30 days of receiving this information, the Court

will issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for these defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

Finally, the Court directs the Attorney General to notify the Court whether it can accept service on behalf of Defendants Dane Rodriguez and Gerow.

### E.    Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

### CONCLUSION

The Court dismisses Plaintiff's claims against DOCCS under the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is instructed to issue summonses for the defendants, listed on the following page, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Local Civil Rule 33.2 applies to this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**.

Dated:
      White Plains, New York
      January 30, 2025

                                        PHILIP M. HALPERN
                                 United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.     Commissioner Daniel F. Martuscello
       New York State Department of Corrections and Community Supervision
       The Harriman State Campus
       1220 Washington Avenue
       Albany, NY 12226

2.     Deputy Commissioner Joseph Noeth
       New York State Department of Corrections and Community Supervision
       The Harriman State Campus
       1220 Washington Avenue
       Albany, NY 12226

3.     Assistant Commissioner Dawn M Diacaranio
       New York State Department of Corrections and Community Supervision
       The Harriman State Campus
       1220 Washington Avenue
       Albany, NY 12226

4.     Director of SHU Anthony Rodriguez
       New York State Department of Corrections and Community Supervision
       The Harriman State Campus
       1220 Washington Avenue
       Albany, NY 12226

5.     Assistant Director of SHU Joshua Shope
       New York State Department of Corrections and Community Supervision
       The Harriman State Campus
       1220 Washington Avenue
       Albany, NY 12226

6.     Associate Commissioner James Donahue
       New York State Department of Corrections and Community Supervision
       The Harriman State Campus
       1220 Washington Avenue
       Albany, NY 12226

7.     Antoinette Allen
       New York State Department of Corrections and Community Supervision
       The Harriman State Campus
       1220 Washington Avenue
       Albany, NY 12226

8.      Commissioner Anne Marie Sullivan
        Office of Mental Health
        44 Holland Avenue
        Albany, NY 12229

9.      OMH Unit Chief Gregory Savage
        Office of Mental Health
        44 Holland Avenue
        Albany, NY 12229

10.     Superintendent Stacie  R. Bennett
        Ulster Correctional Facility
        750 Berme Road
        P.O. Box 800
        Napanoch, NY 12458-0800

11.     Deputy Superintendent of Mental Health Elizabeth Garber
        Eastern Correctional Facility
        30 Institution Rd
        P.O. Box 338
        Napanoch, NY 12458-0338

12.     Deputy Superintendent of Administration Josh Krom
        Sullivan Correctional Facility
        325 Riverside Dr.
        Fallsburg, NY 12733

13.     Deputy Superintendent of Programs Dominica Piazza
        Marcy Correctional Facility
        9000 Old River Road
        P.O. Box 5000
        Marcy, NY 13403-5000

14.     Hearing Officer Lisa Marie Bondarenka
        Eastern Correctional Facility
        30 Institution Rd
        P.O. Box 338
        Napanoch, NY 12458-0338

15.     Sergeant Lisa Wilson
        Eastern Correctional Facility
        30 Institution Rd
        P.O. Box 338
        Napanoch, NY 12458-0338

16.     Sergeant Brett Reed
        Auburn Correctional Facility
        135 State Street
        Auburn, NY 13024-9000

17.     Correction Officer Kimberly Bermudez
        Five Points Correctional Facility
        6600 State Route 96
        Caller Box 400
        Romulus, NY 14541

18.     Correction Officer Justin Murphy
        Woodbourne Correctional Facility
        99 Prison Road
        P.O. Box 1000
        Woodbourne, NY 12788-1000

19.     Correction Officer Thomas Coles
        Mid-State Correctional Facility
        9005 Old River Road
        P.O. Box 216
        Marcy, NY 13403-0216

20.     Correction Officer Christa Joachin
        Sullivan Correctional Facility
        325 Riverside Dr.
        Fallsburg, NY 12733

21.     Correction Officer Cody Olsen
        Sullivan Correctional Facility
        325 Riverside Dr.
        Fallsburg, NY 12733

22.     Correction Officer Timothy Fitzpatrick
         Eastern Correctional Facility
        30 Institution Rd
        P.O. Box 338
        Napanoch, NY 12458-0338

23.     Correction Officer Christopher Kinne
        Woodbourne Correctional Facility
        99 Prison Road
        P.O. Box 1000
        Woodbourne, NY 12788-1000

24.     Correction Officer Tresean Goodwin
        Sullivan Correctional Facility
        325 Riverside Dr.
        Fallsburg, NY 12733